At this time, we'll hear N. Ray Facebook. Good morning. I am Richard Bernstein for the Appellants. The District Court erred in approving the settlement while failing to reject erroneous ripe legal challenges to a pro tanto offset. Denny held three things that show this is error. First, Denny specifically said, it's error in this circumstance to simply say, I'm going to leave the offset to, quote, that the offset will be, quote, left to applicable law. That's not what the judge did here. The judge here said that the offset would be the greater of the proportionate or pro rata offset. Correct. But with respect to the pro, to the pro tanto offset, the judge specifically said, this is on SPA 25, that whether there would even be a pro tanto offset, whether there were any common damages, is going to be left to another case and will be decided, quote, consistent with the applicable law. Exactly what Denny said you shouldn't do. And to be even clearer, Denny said, and this is on page 274 of Denny, that what the District Court is supposed to do, and Denny actually said this twice, is, quote, specify how, and then it referred to the offset, will be calculated. Here the District Court failed to provide that predictability which impairs every aspect of case strategy, including what to emphasize at trial and potential settlement. I'm not clear exactly what it is you wanted Judge Sweet to do. We wanted Judge... He didn't have the evidence, it seems to me, that was going to be adduced in the Facebook litigation to let him know whether there were any common damages and what the amounts would be. The evidence that will be adduced in the Facebook litigation is entirely irrelevant to the pro tanto offset. The pro tanto offset is based on the allegations and the release in the NASDAQ action complaint. That is fixed. That will never change. And the reason we know that it is the allegations and the release in the NASDAQ action that control is that both the statute and this court have rejected the other two alternatives. There are only two other two alternatives that have been proposed here. One is the plaintiffs that were proposed below. One is the plaintiffs allocation and that was rejected in Singer and also in Refco. And the other is that we should wait for findings on actual causation in the Facebook case. That was rejected in Denny and in Singer and in the restatement second and in everything because actual causation is irrelevant to the pro tanto offset. It may have some relevance to the proportionate fault offset, but you get the pro tanto offset even if the second jury finds that the defendant did nothing wrong or that it's wrongdoing caused no injury. You could have different plaintiffs in the two cases, couldn't you? Yes, but this offset only applies to same plaintiffs. This offset only applies and that was the way it was written and everyone agrees that. If you were a plaintiff in NASDAQ and are not a plaintiff in Facebook, offset is zero. If you were a plaintiff in Facebook and were not a plaintiff in NASDAQ, offset is zero. This offset only applies to same plaintiffs. It applies to people. Imagine this were an individual case and the Supreme Court has said class actions have to come out the same way. A plaintiff sues, comes in and sues NASDAQ and it says, as this complaint did, you not only caused damages on May 18th, you caused damages thereafter because you lied to me after the close on May 18th about whether there was going to be ... Hypothetically, if you have a plaintiff in the NASDAQ action who says that because I did not get confirmation of my purchase in the IPO, I put in another order and then I put in the Facebook action, wouldn't the damages be different in terms of getting more shares than you want and then what the loss is based on misrepresentation? No, because that getting more shares than you want is the entire alleged but-for cause of that loss. If I'd never gotten the more shares, I wouldn't have any loss on those Facebook shares. I didn't want the shares. I paid $40 for them. At the end of May 22nd, they were worth $31. If I'd never gotten the shares, I wouldn't have any loss at all and that is exactly the situation addressed in principle by Singer, which is where, according to the Facebook plaintiff appellees, more damages were alleged in the first case and Singer said, it doesn't matter that more damages were alleged in the first case. As long as the first case alleged the same damages being alleged in the second case. In other words, if there are more damages in the first case but the damages in the second case were among the damages alleged in the first case, there's a pro tanto offset. The case they rely on, Gerber, is the exact opposite. That's where less damages were alleged in the first case and there, the court doesn't leave open a question of law, which is the error here. The court lets open a question of fact. Here you have two different causes of loss in each of the two cases. It may well be that there has to be an offset and it could well be that ultimately it would be decided that it would be pro tanto but it might also be proportionate or prorata and the court has said that it would be the greater of the two and you're asking the court essentially to try the first case, to try another case before approving a settlement in this case. All that was true in Denny. The defendant could always win the second case and then there's no offset of any kind but Denny said . . . Denny said nothing about what it would be except it would have to be adequate. With respect, Your Honor, I think Denny said two things and I know you wrote Denny, yes, and I would refer you to your words at 276 where you said it would be wrong for a district court to say I'm going to leave the pro tanto offset, quote, left to applicable law. That's what this district court said. You also said twice on 274 that what the court should do is specify, and I'm quoting now, specify how compensation will be calculated. We have no idea on that with respect to the pro tanto offset. That may be but the court said it was going to be the greater of the proportionate offset or the prorata offset. That is a way of saying how it's going to be calculated. I would say not, Your Honor, because . . . You want an actual number. No, we do not want a number. We want a decision. You want the . . . No, we want a decision that it's based on the complaint, not on allocations. That's a fully ripe legal issue now. We want a decision that the complaint alleged more than May 18th damages. That's a fully ripe legal issue now. And we want a decision that actual causation as everything, Singer, Denny, the restatement second, everything says is irrelevant what matters is alleged causation. It's irrelevant to the pro tanto offset. It's an alleged causation is what matters. I agree. Exactly. The question is, there's a different causation alleged in each of these two different lawsuits. The alleged causation of the same injury. Even if you look at Denny, the bank supposedly did one thing. The accountant supposedly did another thing. The lawyers did a third thing. They did different things and it resulted allegedly in the same injury. Correct. Here, the . . . A single injury with a single loss. And here is the single injury with a single loss. In this case, according to the NASDAQ complaint, people were forced to hold Facebook shares and this is paragraphs 213 to 218. People were forced to hold Facebook shares and to hold them after the 18th says the majority of customers then had to hold them on the 21st quote at inferior prices. That is clear alleged but-for causation that the loss continued after the 18th. Indeed, in those same paragraphs, they say the misrepresentations continued after the close on the 18th. And I know the Court knows as the author of Lentell that you can't have loss causation, complete loss causation, until the misrepresentations are over. And here, there were misrepresentations about the matching process that continued after it. No. No. That was on the close after the 18th and it resulted on selling on the 21st and that's why we say . . . They realized the loss . . . Exactly. And that's why we say the NASDAQ complaint alleged causation of loss after the 21st. I'm happy to answer more questions now. Well, you have three minutes of rebuttal. Exactly. We shall hear you then, sir. Thank you. Good morning, Your Honor. John Rizzio-Hamilton from Bernstein, Littlewits, Berger & Grossman, representing the lead plaintiffs in the Facebook action continuing before the District Court. We are appellees here. In the Gerber case, this Court held that a District Court approving a settlement's judgment reduction provision is required to specify the method of judgment reduction. And that accorded with this Court's decision in Denny as well, which was issued a few years later. And that is precisely what the District Court did here. As the Court is aware, the District Court adopted the same . . . not only specified the method of judgment reduction in the judgment, but it adopted the same method that was approved in Gerber, which provides for the greater of the proportionate share of liability or the amount of the settlement paid for common damages.  How do you know what common damages are? Yeah, well, it's an open question at this point that could be informed by a number of things. One is, admittedly, the complaint and the release in the NASDAQ action. Another would be the evidence that's developed in connection with the Facebook defendant's affirmative defense of negative causation, which will be litigated at the trial. Another source that one, a District Court could conceivably look to, to answer the question is the plan of allocation in the NASDAQ case. They've taken the position on this appeal that the plan of allocation is irrelevant as a matter of law. I could see how those approaches would give you an all or nothing answer, but where you have a case where certain damages are alleged on one day and other damages of another character are alleged to have occurred by events on a completely separate day, but that's the easy case. What about the case where there's some overlap? What's a judge to do? How is a judge to get his hands around this problem? I don't . . . Yeah, it's an excellent question. I think in a difficult case, what a judge should do is consider all the evidence that reasonably bears on the question that is available to that judge. The problem with that is that allocations and complaints are typically not considered evidence. Plans of allocation? Allocations and pleadings. That's true, and in fact, Judge Lynch in his Revco decision stated that what matters is the underlying injury and not the pleadings that characterize it. That's why I think that where you have a situation like this one, where the question of which damages fit in which bucket, that is, which damages are attributable to the misrepresentations at issue in the Facebook case and which damages may be attributable to the technical glitches stemming from the NASDAQ exchange, in this case, that question is actually going to be litigated heavily in the case that's continuing before the district court. That's right. There's going to be extensive expert evidence and fact evidence that is going to be brought to bear on this question that the district court will have the benefit of when deciding whether the common damages exist, and if so, to what extent they exist for the purposes of any offset. Which district judge is in the better position to make that call? In this case, it's Judge Sweet in both cases. Judge Sweet's presiding over both. They were separately consolidated, but they were coordinated for pretrial purposes before him. And so, I think for that reason, Your Honor, not only does the district court's decision accord with the law of this court as set forth in Gerber and in Denny, but it's also supported by strong practical considerations about what evidence will be available to the district court when the common damages determination is made. You know, defendants have also taken the position in their papers. It didn't come up in Mr. Bernstein's presentation, in which they've stated that if there is any common damages at all between the two actions, that the full amount of the settlement should be credited under the pro tanto provision. We disagree with that. We think that the court's decision in Gerber makes clear that the judgment reduction shall only, the settlement, I should say, shall only be credited against any later judgment in the Facebook action, insofar as only the portion of the settlement attributable to common damages will be credited. That's the language from the Gerber decision at page 304, and we think that it directly addresses and refutes the appellant's contention on that score. Your Honors, I really do think that the analysis here is as straightforward as looking at what a judgment offset, as well as looking at what Denny requires a district court to do in terms of specifying the methodology, and seeing that here in the district court's order, the district court did specify the methodology, specified a methodology approved in Gerber, and that is really enough to resolve the appeal. So I don't want to fill airtime, and I'm not going to make any further presentation unless the panel has any additional questions for me, which I'm of course happy to answer. Thank you very much. We'll hear from NASDAQ. Good morning, and may it please the Court, Paul Lantieri, Counsel for the NASDAQ Defendants, and appearing on behalf of all of the NASDAQ parties. On the score on which my colleague just sat down, unless the Court has questions for me, we would rest on the position stated in our brief. Thank you. Hey, Rebuttal. So, to take up where the questions to my colleague were, no dispute that Denny says that what the first settlement improvement is supposed to do is specify how the offset will be calculated. If all you say is it's going to be pro tanto or proportionate, all you've done is said, go look at the statute. That means Denny means nothing. You asked how do you know, and that's the critical question, because all of the disputes in this case are legal questions that are best decided now. Dispute one, which is dispositive? The complaint and the release on the one hand, or the plan of allocation? That can't be the plan of allocation. Singer and Refko rejected the plan of allocation. But that's a legal question, and it should be decided now, while the very NASDAQ plaintiff's attorneys are before the court and saying, yes, we allege common damages. The restatement second says that the purpose of the pro tanto offset is to make sure that the plaintiff does not receive, quote, and this is quoted in our reply brief, double compensation on the basis of inconsistent positions taken toward different persons. That's exactly what the Facebook appellees want. What did the restatement third say? I do not believe it's addressed in the restatement third. On the why? I don't think the restatement third addressed contribution and those issues at all, perhaps because of the intervening joint act. But this case illustrates why you should prevent that inconsistency by ruling now. The NASDAQ plaintiffs concede, yes, we alleged causation on May 21st and May 22nd. The Facebook plaintiffs say, no, you didn't, and in fact there is no causation on there. That is exactly the inconsistent positions you're not allowed to take in order to defeat the pro tanto offset, and that's a legal question. What's the decree you want from us? We want a decree that says, as in Denny, the trial court should have addressed and rejected the legal challenges to the pro tanto offset, and those legal challenges are wrong, therefore, because it is the complaint, because the complaint says May 21st and May 22nd, it's not allocation, it's not actual causation. You don't have to wait for any findings in the second case, and therefore in this case there are common damages and there will be an offset. And in answer to your question about the overlap, Singer precisely addresses the overlap. It says if the first case alleged more damages than the second case, but the damages alleged in the second case were all alleged in the first case. So if you think of a Venn diagram, big circle is the first case, second case is a smaller circle within the big circle, then you get 100% pro tanto offset. The offset is made... That's based on the allegations. Based on the allegations, correct. Gerber only implies when the second... Of course, lawyers are taught in law school to seek as much as they possibly can and even more than that in terms of your claim for damages. So the first case is always going to, if it's a diagram, it's going to have an enormous circle. Well, not necessarily. And everything will fall into it. I think these lawyers, my colleagues, take Rule 11 seriously and wouldn't allege damages, and there is a serious claim for damages. Rule 11 doesn't rule out ambition. It doesn't rule out ambition. This complaint survived the motion to dismiss, including a motion on loss causation, and no part of the damages were dismissed. And the complaint makes a plausible case. That's a different argument. That's just not based entirely on the allegations. It's easiest. Right. So it's legal questions. Is it the complaint or the allocation? It's the complaint. Is it alleged causation or actual causation? It's alleged causation because actual causation is just another name for actual liability, and that's the proportionate fault route, not the protanto route. And Singer tells you that the amount is to be, the full settlement amount is to be deducted against the judgment in the second case. And just to be clear, there's no dispute here that the second case alleges damages on the 21st and the 22nd. The only dispute was whether the first case also alleged damages there. We think that should be clear under paragraphs 213 through 218, 299, 311, and 312, all of which are part of the federal securities claim. And Gerber is distinguishable because, as footnote 5 indicates, that was a case not where the first case alleged a little more damages in the second case. That was a case where the defendant said, there are damages being alleged against us that were never alleged in the first case. That's Gerber. Then you don't leave open any question of law. You simply leave open a question of fact. Are the damages found in the second case part of the damages found in the first case, in which Singer controls, and there's a full offset? Are the damages found in the second case, because there are damages being alleged in the second case unlike here that were never alleged in the first case, are those the only damages in the second case, in which case there are no common damages? The cases that control here are Singer and Denny, not Gerber. Thank you very much. Thank you all. We'll reserve decision.